UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARTIN A. CROSSLEY

No. 20 CR 369

Judge Martha M. Pacold

## PRE-TRIAL MEMORANDUM

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois respectfully submits this Pre-Trial Memorandum, in anticipation of defendant's upcoming trial that is set to begin on June 14, 2021.

## I.    Trial Attorneys

### A.    Government's Trial Attorneys

Michael J. Kelly
219 S. Dearborn St.
Chicago, IL 60302
michael.kelly@usdoj.gov
(312) 371-3822

Timothy Storino
219 S. Dearborn St.
Chicago, IL 60302
tim.storino@usdoj.gov
(312) 353-5347

### B.    Defendant's Trial Attorneys

Quinn Alexandra Michaelis
73 W. Monroe
Chicago, IL 60603
Email: qmichaelis@yahoo.com

## II.     Case Statement

### A.     Government's Proposed Case Statement

The government proposes the following statement of the case:

Defendant has been charged with robbing the Glen Ellyn Bank and Trust located in Glen Ellyn, Illinois. Defendant has pleaded not guilty.

## III.     Trial Length

The parties anticipate that this case will take one week to try.

## IV.     Factual Stipulations

The government and the defense anticipate agreeing to stipulations and will file them when finalized.

## V.     Witness List

The government submits the following witness list for its case-in-chief.

## Government witnesses who will be called:

1.     Marisol Vega-Jones
2.     Josefina Ortiz
3.     Michelle Watkins
4.     Kristen Eckert
5.     Jeremy Bauer
6.     Elizabeth Talley
7.     Danielle Rodriguez
8.     Theresa Ingstrup
9.     Rick Ingstrup
10.     Sheila Ruggio
11.     Christopher Prokopiak
12.     Tracy Marski
13.     Shanna Saunders

1

**Government witnesses who may be called:**

1. Hillary Rapson
2. Joseph Moriarty
3. Thomas Hartzell
4. Craig Golucki
5. Kyle Young
6. Ryan Cusack
7. Dana Bloss
8. David Ortiz

## VI.    Proposed Voir Dire

In addition to the Court's standard questions, the government requests that the Court submit the following questions to the venire.

### A.    Government's Proposed Voir Dire

- What cities have you lived in during the past five years?

- If you served in the military and your discharge was anything other than an honorable one, please advise.

- For the past ten years, please provide:
    o Name and place of employment (including any self-employment);
    o General nature of your employer's (or your own) business; and
    o Title of your position, or a very brief general description of your work activities and responsibilities.

- If you are married, please provide the same employment information as listed above for your spouse.

- If you have children, please provide their names and ages and the same employment information as listed above for each child and, if they are married, for their spouse.

- If you have any other adults in your household, please provide the same employment information as listed above for each such person.

- This case involves the Glen Ellyn Police Department and the Federal Bureau of Investigation. Do you have any feelings regarding or experiences with these law enforcement entities or their officers or agents that might make it difficult for you to fairly and impartially evaluate the evidence and render a fair verdict in this case?

- Have you ever been employed in law enforcement, as a prosecutor, or as a criminal defense attorney?

- Do you have any close friends or family members who are employed in law enforcement, as a prosecutor, or as a criminal defense attorney?

- Have you ever been arrested, charged or convicted for any offense? If yes, please indicate: (a) the nature of the offense for which you were arrested, charged or convicted; (b) the disposition of the charge; and (c) whether you feel that you were treated fairly by the court and law enforcement.

- Has any member of your family ever been arrested, charged or convicted of a criminal offense other than a traffic offense? If yes, please indicate: (a) the individual's relationship to you; (b) the nature of the offense; (c) the disposition of the charge; and (d) whether you feel that the member of your family was treated fairly by the court and law enforcement.

- Have you ever been questioned as part of a criminal investigation by any federal, state, or local law enforcement agency?

- Have you or a member of your family ever been the victim of a crime? If so, please indicate when and describe the kind of case or cases involved?

- Have you had any experience, either favorable or unfavorable, with any law enforcement agency that would prevent you from being a fair and impartial juror in this case?

- Do you hold any religious, moral, ethical, or other beliefs or principles that would make it difficult for you to judge the conduct of another person?

- At various times during the case, the Court will instruct you about the applicable law. It is your obligation to follow the Court's instructions about the law whether you agree with the law or not. If you were to find that you disagreed with the law as given to you by the Court, would you still be able to follow that law and reach a verdict by applying that law to the evidence?

3

- Is there anything that I have not asked about that you think might be important for us to know about your ability to serve as a juror in this case?

- If: (a) you test positive for COVID 19; (b) have symptoms of COVID-19; or (c) learn that you have been in close contact with someone who has or is presumed to have COVID-19, will you contact the Court?

## VII. Jury Instructions and Verdict Form

### A. Proposed Jury Instructions

The government requests that the Court give the following Seventh Circuit Pattern Instructions:

1. 1.01 Functions of Court and Jury,

2. 1.02 The Charge,

3. 1.03 Presumption of Innocence/Burden of Proof,

4. 2.01 The Evidence,

5. 2.02 Considering the Evidence,

6. 2.03 Direct and Circumstantial Evidence,

7. 2.04 Number of Witnesses,

8. 2.05 Defendant's Failure to Testify or Present Evidence,

9. 3.01 Credibility of Witnesses,

10. 3.02 Attorney Interviewing Witness,

11. 3.03 Prior Inconsistent Statements,

12. 3.06 Impeachment by Prior Conviction,

13. 3.12 Identification Testimony

14. 3.13 Opinion Testimony,

15. 3.14 Recorded Conversations/Transcripts,

4

16.    3.16 Summaries Received in Evidence

17.    3.18 Juror Note-Taking,

18.    4.08 Punishment,

19.    18 U.S.C. § 2113(a) Bank Robbery—Elements,

20.    18 U.S.C. §2113(a) Definition of "Intimidation,"

21.    7.01 Jury Deliberations,

22.    7.02 Verdict Form,

23.    7.03 Unanimity/Disagreement Among Jurors,

The language of the proposed jury instructions is as follows:

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

5

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges the defendant with the crime of bank robbery. Defendant has pleaded not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if they think a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

9

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

11

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

[A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

-    the age of the witness;

-    the intelligence of the witness;

-    the witness' ability and opportunity to see, hear, or know the things the witness testified about;

-    the witness' memory;

-    the witness' demeanor;

-    whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

-    the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

-    inconsistent or consistent statements or conduct by the witness.

14

It is proper for an attorney to interview any witness in preparation for trial.

[You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court.]

[You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose. The other conviction is not evidence of whether the defendant is guilty of the crime he is charged with in this case.]

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard witnesses, namely, (1) FBI Special Agent Jeremy Bauer, who gave opinions and testimony about cellular phone location data; and (2) FBI forensic examiner Elizabeth Talley, who gave opinions and testimony about DNA analysis. You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.

[You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.]

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

It is up to you to decide how much weight to give to the summaries.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

The indictment charges the defendant with bank robbery. In order for you to find the defendant guilty of the charges, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of Glen Ellyn Bank and Trust; and

2. At the time the defendant took the money, the deposits of the bank were insured by the Federal Deposit Insurance Corporation; and

3. The defendant acted to take such money by force and violence, or by intimidation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

"Intimidation" means to say or do something that would make a reasonable person feel threatened under the circumstances. The government is not required to prove that the target of the intimidation actually felt threatened.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and it should state the date and time. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

## B.    Proposed Verdict Form

The government proposes the following verdict form:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARTIN A. CROSSLEY

No. 20 CR 369

Honorable Martha M. Pacold

**VERDICT FORM**

We, the jury, find the defendant, MARTIN A. CROSSLEY, on the charge alleged in the indictment as follows:

Not Guilty ☐          Guilty ☐

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

DATED: _____

30

Respectfully submitted,
JOHN R. LAUSCH, JR.
United States Attorney

By: *s/*
MICHAEL J. KELLY
TIMOTHY STORINO
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604

Dated: May 21, 2021

31